# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| TERESA KERSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:16-cv-3335-WTL-DML |
| | ) |
| ANTHEM INSURANCE COMPANIES, INC., | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON MOTION TO DISMISS

This cause is before the Court on the motion to dismiss filed by Defendant Anthem Insurance Companies, Inc. ("AICI") (Dkt. No. 29). The motion is fully briefed and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

## I. BACKGROUND

The following allegations are set forth in Plaintiff Teresa Kersey's Amended Complaint. Kersey obtained a health insurance plan with AICI through her employer, the Archdiocese of Cincinnati. The plan was "through a 'Blue Access Health Benefit Plan' health insurance policy, Group Name 'Archdiocese of Cincinnati', [sic] Group Number 00070374, Plan Number 0032, Subscriber ID Number YRP133M5672." Dkt. No. 27 at 6. While the plan was in effect, Kersey suffered a severe stroke in Tanzania, which rendered her paralyzed on the right side of her body and without the ability to speak. Kersey was taken to a nearby medical facility in a remote area for medical attention, but the facility lacked the necessary medical resources to treat her condition. As a result, Kersey required an immediate emergency air ambulance transport from the medical facility to a hospital in the United States capable of treating her condition.

Kersey's family found an emergency air ambulance medical transport company, Aerocare Medical Transport System, Inc. ("Aerocare"), which could provide her with medical transportation to the United States. Kersey's family contacted AICI's representatives to confirm that this transport would be covered by Kersey's insurance. AICI, however, "knowing the urgent nature of this request, instead delayed and insisted that the request undergo a tedious, time consuming preauthorization process prior to confirming her coverage for this transport," *id.* at 2, and unreasonably delayed its approval for the preauthorization of the emergency flight, which resulted in Kersey's transportation to the United States being delayed for four days after she made the initial request with AICI.

After Kersey was transported to the Cincinnati Stroke Center in Ohio, Aerocare submitted the air ambulance claim to AICI for payment on behalf of Kersey. In response, AICI paid only eight percent of the $2,139,000.00 air ambulance claim. As a result, Kersey is responsible to Aerocare for the remaining $1,959,000.00.

## II. STANDARD OF REVIEW

AICI moves to dismiss Kersey's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted. In reviewing a Rule 12(b)(6) motion, the Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012). For a claim to survive a motion to dismiss for failure to state a claim, it must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (omission in original). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew*, 683 F.3d at 334 (citations omitted).

A complaint's factual allegations are plausible if they "raise the right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Detailed factual allegations are not required, but a plaintiff's complaint may not simply state "an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. DISCUSSION

Viewing only the allegations in the Amended Complaint, there is no question that Kersey adequately states a claim against AICI. She alleges that AICI is contractually obligated under her insurance policy to pay her claim for air ambulance services and that it breached that obligation and did so in bad faith. AICI argues that the Court may, and should, look beyond the allegations of the Amended Complaint and examine the contract at issue which, it argues, establishes that it is not a party to the contract and therefore has no obligation to Kersey. "It is well settled that in deciding a Rule 12(b)(6) motion, a court may consider documents attached to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to his claim." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (internal quotations and citation omitted). The document that AICI has provided, however, appears to be only part of the relevant contract.

The document submitted by AICI is entitled "Your Health Benefit Booklet." Dkt. No. 30-1 at 3 (hereinafter referred to as "the Booklet"). The Booklet contains the following definitions:

- Administrative Services Agreement—The agreement between the Administrator and the Employer regarding the administration of certain elements of the health care benefits of the Employer's group health plan.

- Administrator—An organization or entity that the Employer contracts with to provide administrative and claims payment services under the Plan. The Administrator is Community Insurance Company. The Administrator provides administrative claims payment services only and does not assume any financial risk or obligation with respect to claims.
- Plan—The group health benefit plan provided by the Employer and explained in this Benefit Booklet.

*Id.* at 93; 98. The Booklet states that:

> The coverage described in this Benefit Booklet is based upon the conditions of the Administrative Services Agreement issued to your Employer, and is based upon the benefit plan that your Employer chose for you. The Administrative Services Agreement, this Benefit Booklet and any endorsements, amendments or riders attached, form the Administrative Services Agreement under which Covered Services are available under your health care benefits.

*Id.* at 5. It further states that the health care benefits are "Administered by Community Insurance Company," *id.* at 2 ("Community"), and that Community "provides administrative claims payment services and does not assume any financial risk or obligation with respect to claims." *Id.* at 4.

The Booklet acknowledges the existence of a contract, but is ambiguous with regard to the identities of the parties to that contract. It states in one provision that "[t]he Employer, on behalf of itself and its participants, hereby expressly acknowledges its understanding that this Benefit Booklet and the Administrative Services Agreement constitutes a contract solely between the Employer and [Community] dba Anthem Blue Cross and Blue Shield[.]" *Id.* at 91. It further states that Community "is not contracting as the agent of the Blue Cross and Blue Shield Association or any other Blue Cross and/or Blue Shield plan or licensee." *Id.* It is on

4

these provisions, and the fact that the Booklet does not mention AICI, on which AICI bases its argument that it is not a party to the contract. However, another provision in the Booklet states:

> This Benefit Booklet, the Administrative Service Agreement, the Employer's application, any Riders, Endorsements or Attachments, and the individual applications of the Subscriber and Dependents, if any, constitute the entire Contract between *the Plan and the Employer* and as of the Effective Date, supersede all other agreements between the parties.

*Id.* at 82 (emphasis added). In addition, numerous other provisions in the Booklet establish the existence of a relationship between the insured and "the Plan" and suggest that "the Plan" is an entity separate from Community, the Administrator. For example, with respect to the payment of benefits, the Contract states, "You authorize the Plan to make payments directly to Providers for Covered Services." *Id.* at 69. It also stipulates that "[t]he Plan is not liable, unless the Administrator receives written notice that Covered Services have been given to you. The notice must be given to the Administrator . . . within 90 days of receiving the Covered Services." *Id.* Regarding appellate procedures, the Contract explains that members have a right to appeal a decision to deny or limit benefits and defines an appeal as "a request from you for the Plan to change a previous determination or to address a concern you have regarding confidentiality or privacy." *Id.* at 78. "An initial determination by the Plan can be appealed for internal review at two subsequent levels known as 'Level 1' and 'Level 2' appeals." *Id.* at 78.

As this discussion makes clear, AICI simply has not demonstrated, as a matter of law, that it is not a proper defendant in this case. The Court does not have before it the relevant contract in its entirety; it has only the Booklet. The Booklet suggests that there is an entity—"the Plan"—that is a party to the contract, but it does not make clear what entity the Plan is. What is clear, however, is that AICI has not demonstrated that dismissal for failure to state a claim is appropriate.

## IV. **CONCLUSION**

For the reasons set forth above, AICI's motion to dismiss is **DENIED**. That said, the question of whether AICI is a party to the relevant insurance contract is a question of fact that, frankly, should not be difficult to answer. It seems to the Court that it is a question that should be answered sooner, rather than later. It simply needs to be answered in the summary judgment context, rather than by a motion to dismiss. Accordingly, the parties are **ORDERED** to contact Magistrate Judge Lynch to request a case management conference, at which a schedule for limited discovery on the question of whether AICI is a proper defendant to this action should be established, along with a schedule for briefing an expedited initial motion for summary judgment on that limited issue if the parties are unable to agree on the answer to that question.[1]

SO ORDERED: 11/17/17

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[1] AICI also seeks dismissal of Kersey's claim for piercing the corporate veil. Given the confusion regarding the relationships between the parties and their respective rights and obligations, any argument relating to piercing the corporate structure of AICI is premature. The Court anticipates that, following limited discovery, the parties' relationships will be made clear and render the need to consider whether it is appropriate to pierce the corporate veil obsolete. Should there be any confusion following discovery, however, the parties may address the issue on summary judgment.